```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JACKIE OSBORNE, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. |
| ) | 5:19-cv-0015-JMH |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ACTING COMMISSIONER ) | **MEMORANDUM OPINION** |
| OF SOCIAL SECURITY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DEs 10 and 12) on Plaintiff's appeal of the Commissioner's denial of her current application for Disability Insurance Benefits ("DIB").[1] The matter having been fully briefed by the parties is now ripe for this Court's review pursuant to 42 U.S.C. § 405(g).

**I. OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five-step analysis:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

    limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520(1982)). The ALJ in this instance found that Mrs. Osborne despite her multiple severe impairments [Tr. 57, Finding No.3] retained the ability to perform work which exists in the national economy. [Tr. 65, Finding No. 10]. The Appeals Council declined to change the ALJ's decision. [Tr. 1-7]. This action followed.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the

Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial-evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

"In determining whether the Secretary's factual findings are supported by substantial evidence, [the Court] must examine the evidence in the record 'taken as a whole . . . .'" *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (citing *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980)). Additionally, the Court "'must take into account whatever in the record fairly detracts from its weight.'" *Wyatt,* 974 F.3d at 683 (citing *Beavers v. Secretary of Health, Educ. & Welfare,* 577 F.2d 383, 387 (6th Cir. 1978)). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). "If the Secretary's findings are supported by substantial evidence, then we must affirm the Secretary's decision even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health & Human Serv.*, 658 F.2d 437, 439 (6th Cir. 1981).

### III. DISCUSSION

In his brief in support of Mrs. Osborne's claim, her counsel contends the ALJ "cherry picked" the evidence to reach his ultimate finding. Perhaps, but in the ALJ's September 2017 decision, he followed the five-step process for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a)(4); [Tr. 55-66]. As relevant here, between steps three and four, the ALJ considered the entire record

4

and found Plaintiff could perform a range of simple, unskilled light work. [Tr. 60-64]. Then, based on vocational expert testimony, the ALJ found that Plaintiff was not capable of her past work but could perform representative light unskilled occupations existing in significant numbers in the national economy—such as assembling, grading/sorting, and inspecting. [Tr.64-65, 149-51]. Thus, the ALJ found that Plaintiff was not disabled under the strict criteria of the Act. [Tr. 65].

The Court recognizes at the outset that here, as is often the case, the evidence regarding the functional impact of Plaintiff's impairments was somewhat mixed. Specifically, Plaintiff (and Dr. Skaggs, Dr. Andreas, and Dr. Landfield) claimed she was less capable than the ALJ (and Dr. Brown, Dr. Dawson, Dr. Perritt, and Dr. DiFonso) found. But it was the ALJ's duty to resolve evidentiary conflicts and include only those limitations in the RFC that he deemed reasonable based on the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). Thus, the question before the Court is not whether some evidence could have supported a different conclusion than the ALJ reached on this conflicting record. Rather, the relevant question is whether a reasonable person, without reweighing the evidence, could agree that enough evidence supports the ALJ's decision. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). If so, the Court must defer to and affirm the ALJ's findings.

5

Here, substantial evidence supports the ALJ's finding that Plaintiff was not as limited as substantial evidence supports the ALJ's finding that Plaintiff was not as limited as she claimed and could perform a range of simple, unskilled light work. As the ALJ reasonably noted, Plaintiff admittedly stopped working in March 2015 to provide care for her husband, who was very limited at that time; her former employer confirmed that her husband's medical issues caused her attendance problems before she stopped working [*see, e.g.*, Tr. 61, 130, 180; *see also, e.g.*, Tr. 494 (employer report), 720 ("[she] quit her job to stay home with [her] husband last year")]. This history hardly suggests that Plaintiff became disabled in March 2015, as she claimed. *See* 20 C.F.R. § 404.1529(c)(4) (an ALJ must consider a claimant's history). Furthermore, Plaintiff engaged in a range of activities—including cooking, sweeping, vacuuming, folding laundry, walking for exercise, traveling to Ohio to visit her son and help babysit for her grandchild there, and helping care for her elderly mother, her disabled brother, and her husband's daughter. [Tr. 61, 63-64, 130, 143-44, 171, 179, 181, 184-85, 463-66, 470,473-75, 520-22]; *see* 20 C.F.R. § 404.1529(c)(3)(i) (an ALJ considers a claimant's activities); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (ALJ could properly discount claimant's subjective complaints of disability "in light of her ability to perform other tasks").

6

The record also contained a number of normal and near-normal objective and clinical findings—including a normal walking gait and normal attention and concentration. [Tr. 61-63, 667, 672, 911, 1191, 1228, 1233, 1248]; *see* 20 C.F.R. § 404.1529(c)(4) (an ALJ considers a claimant's statements in relation to the objective medical evidence); *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 473-75 (6th Cir. 2014) (unpublished) (normal and minimal imaging and examination findings supported an RFC for less than light work, and undermined the claimant's symptom reports). Despite some abnormalities, Plaintiff's treatment largely consisted of medications. She admitted that such conservative measures helped at least somewhat; treatment records described her conditions as stable and/or improved, and she declined to pursue other treatment modalities such as physical therapy and home exercise. [*see, e.g.*, Tr. 61-63, 1145, 1155, 1178, 1184, 1255]; *see* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (an ALJ considers treatment and medications). The ALJ also reasonably observed that Plaintiff had not required emergency-level treatment for many of her allegedly disabling conditions, such as pain, diabetes, and headaches. [Tr. 62-63]; *see id.*; *see also Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987) (in discounting a claimant's subjective complaints of disability, ALJ reasonably relied on claimant's "conservative treatment"). For all

of these reasons, the ALJ reasonably discounted Plaintiff's subjective complaints of disability.

Regarding the opinion evidence, the ALJ found Plaintiff was even more limited than did the State agency physicians and psychologists—Dr. Brown, Dr. Dawson, Dr. Perritt, and Dr. DiFonso—who reviewed the evidence and opined that Plaintiff could perform medium work that was simple or more detailed. [compare Tr. 60 with Tr. 209-14, 226-232]. The ALJ reasonably gave these opinions significant weight because he found them consistent with the record as a whole. [Tr. 64]; *see* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). In formulating these opinions, the State agency physicians and psychologists noted evidence that aligned with the ALJ's reasons for discounting Plaintiff's subjective complaints. Among other things, they noted the evidence showing that Plaintiff did well at her last job until it ended due to her husband's illness; a number of objective and clinical findings were normal or near-normal; primary care notes from Dr. Andreas did not suggest debilitating limitations; and she engaged in a number of activities. [*See, e.g.*, Tr. 210, 212-13, 230-31].

Just as the ALJ reasonably discounted Plaintiff's subjective complaints of disability as inconsistent with other evidence, the ALJ also reasonably discounted other opinions—from Dr. Skaggs, Dr.

8

Andreas, and Dr. Landfield—indicating that Plaintiff was more limited than the ALJ found. [Tr. 63-64, 673, 789, 801, 807-08]. The ALJ found these more limiting opinions inconsistent with Plaintiff's admissions that she was able to care for others during the relevant period and/or the conservative nature of the treatment she received for her physical conditions, in particular. [Tr. 63-64]. To be sure, as discussed above, Plaintiff quit her job in March 2015 to care for her husband, who was extremely limited at that time. [*See, e.g.,* Tr. 130, 180, 494, 720]. She also took care of herself, her elderly mother, her disabled brother, and her husband's daughter. [*See* Tr. 181, 463, 470, 473, 475, 520]. Not only did she seem to be stable on conservative treatment, she also turned down treatment options such as physical therapy and home exercise. [*See, e.g.*, Tr. 145]. These aspects of the evidence contrasted with the relatively limiting opinions from Dr. Skaggs, Dr. Andreas, and Dr. Landfield. Other evidence the ALJ discussed earlier in his decision, in discounting Plaintiff's similar subjective complaints of additional limitations, also supports the ALJ's conclusion that Plaintiff was not as limited as she (and Dr. Skaggs, Dr. Andreas, and Dr. Landfield) claimed. 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Upon review of the entire administrative record of almost 1,500 pages, the Court concludes that there is substantial evidence threin to support the Commissioner's final decision.

Accordingly, **IT IS ORDERED** that the Commissioner's final decision be, and the same hereby is, **AFFIRMED.**

**IT IS FURTHER ORDERED** herein as follows:

(1)  That the Commissioner's motion for summary judgment [DE 12] be, and the same hereby is, **GRANTED.**

(2)  That the plaintiff's motion for summary judgment [DE 10] be, and the same hereby is, **DENIED.**

A separate judgment in conformity herewith shall this date be entered.

This the 22nd day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge